UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA CARO,

Petitioner,

v.

NORTHWEST IMMIGRATION AND
CUSTOMS ENFORCEMENT
PROCESSING CENTER,

Respondent.

CASE NO. 2:26-cv-952-JNW

ORDER

## 1.  INTRODUCTION

Petitioner Laura Caro, proceeding pro se and in forma pauperis (IFP), filed this Petition for a Writ of Habeas Corpus, Dkt. Nos. 7, 8, seeking release from immigration detention. For the reasons below, the Court DENIES in part Caro's petition, DIRECTS her to file an amended petition naming the warden of the Northwest ICE Processing Center ("NWIPC") as respondent, and ORDERS the Government to file a supplemental response addressing the adequacy of Caro's bond hearing.

ORDER - 1

## 2. BACKGROUND

Caro is a citizen of Mexico in the custody of Immigration and Customs Enforcement (ICE) at NWIPC in Tacoma, Washington since September 6, 2025. Dkt. No. 12 ¶¶ 4, 8. As of the date of this order, Caro has been detained for approximately eight months. On October 22, 2025, an immigration judge ordered Caro removed to Mexico, and Caro appealed to the Board of Immigration Appeals. *Id.* ¶¶ 12-13. Her appeal remains pending. *Id.* ¶ 13.

On March 20, 2026, Caro filed this habeas petition via mail, alleging that the Government is detaining her unlawfully because she submitted a U visa application, which has been pending since 2021 or 2022,[1] and because her detention has extended beyond 180 days. Dkt. Nos. 1; 8 at 3.

On March 19, 2026, the Court received a different habeas petition filed by an attorney on Caro's behalf. *See Ulin Valdez et al. v. Hernandez et al.*, 2:26-cv-937-TMC (W.D. Wash. Mar. 19, 2026). Caro and her co-petitioners argued that the Government violated the Immigration and Nationality Act by applying the mandatory detention statute at 8 U.S.C. § 1225(b)(2) because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). *Id.* at Dkt. No. 1 at 5. On March 27, 2026, the Court granted Caro's petition and found her subject to discretionary detention under 8 U.S.C. § 1226(a). Accordingly, the Court ordered the Government to either release Caro or provide her with a bond hearing under 8 U.S.C. § 1226(a). *Id.* at Dkt. No. 11.

---

[1] The exact date that Caro filed her U visa application is not clear from the record before the Court.

ORDER - 2

On April 9, 2026, Caro attended a bond hearing. The Immigration Judge ("IJ") found Caro failed to show she is "not a Flight Risk" and denied bond. Dkt. No. 13-1 at 2. The IJ's order is a checkbox form—no reasoning is provided beyond the checked boxes. *Id.*

In her reply, Caro objects to the bond hearing proceedings. Dkt. No. 14 at 3. Her objections, written by hand in English (which appears to be her second language), raise concerns about the accuracy of information presented to the Immigration Judge and about whether she was afforded an adequate opportunity to be heard. The Court addresses these objections below.

## 3.  DISCUSSION

### 3.1  Successive petition.

The Government argues that Caro improperly filed a successive habeas petition raising the same points as her petition in *Ulin Valdez et al. v. Hernandez et al.* and that having a pending U visa application does not render her detention automatically unlawful. The Court agrees in part.

Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. *Alaimalo v. U.S.*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). To the extent that Caro argues the same grounds as her prior

ORDER - 3

petition—namely, that she is entitled to a bond hearing under 8 U.S.C. § 1226(a)—her petition is successive, and the Court finds no reason to reexamine those points.

However, Caro's challenge to the adequacy of her April 9, 2026, bond hearing is not successive. That hearing had not yet occurred when the first petition was filed and resolved. The successive petition doctrine does not bar claims arising from events postdating the prior petition. *See Alaimalo*, 645 F.3d at 1049. The Court therefore considers Caro's bond hearing challenge on its own terms, as discussed below.

### 3.2    Pending U Visa application.

Caro argues that she should be released in light of her pending U visa application. The Court finds this insufficient to grant Caro relief. This Court and many others in this circuit have held that if the Government grants a U visa applicant deferred action status, it cannot remove that person, and therefore, the Government has no legal basis to detain them. *See Ayala v. Bondi*, No. 2:25-CV-01063-JNW-TLF, 2025 WL 2209708, at *4 (W.D. Wash. Aug. 4, 2025); *Alvarado v. Noem*, No. 1:25-CV-01959-DJC-CSK, 2026 WL 99885, at *1 (E.D. Cal. Jan. 14, 2026). Caro's case is distinguishable because she has not said that the Government has granted her deferred action status. A pending U visa application alone is not enough to make her detention per se unlawful.

The Court notes that Caro included a copy of an expired Employment Authorization Card issued in 2015 and valid to 2017. Dkt. No. 14-1 at 4. The eligibility category is listed as "C14," which appears to be the category for

ORDER - 4

applicants granted deferred action. *See* Form I-765 Instructions, U.S. Citizenship and Immigration Services, Aug. 21, 2025, available at: https://www.uscis.gov/sites/default/files/document/forms/i-765instr.pdf (last visited May 6, 2026). On the document, Caro writes "[m]y permit to work . . . 2015–2017. At this time[,] I am waiting from 2020 to 2023 waiting list to renew[] my [U visa] at Holy Cross ministries." Dkt. No. 14-1 at 4. This document and note do not, standing alone, demonstrate that the Government has granted Caro deferred action status.

But the C14 category designation on Caro's expired Employment Authorization Card does suggest she may have previously been granted deferred action. Because deferred action status would bear directly on the lawfulness of Caro's detention, the Court directs both parties to address this issue as set forth below.

### 3.3   Bond hearing challenge.

The Government argues that Caro is not entitled to release because the Immigration Judge denied her "request for bond after finding that she had not demonstrated that she is not a flight risk." Dkt. No. 11.

The Court notes that Caro is entitled to challenge the legality and constitutionality of this hearing. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *3 (W.D. Wash. Apr. 10, 2026) (quoting *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018)) ("[A] district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or

ORDER - 5

unconstitutional."). Liberally construing Caro's pro se traverse, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that Caro's objections to her bond hearing raise potentially cognizable due process concerns. Dkt. No. 14 at 3.

But the record before the Court does not permit resolution of these concerns at this time. The Government's Return does not address the adequacy of the bond hearing proceedings; it addresses only the outcome. And the Immigration Judge's order is merely a checkbox form that provides no reasoning—a matter of particular concern given that this hearing was specifically court-ordered as a remedy in the prior habeas case.

The Court therefore requires supplemental briefing on the adequacy of Caro's bond hearing, as set forth below. The Court expects that a constitutionally adequate bond hearing under § 1226(a) will reflect more than a checkbox form with no analysis.

### 3.4    Proper respondent.

Caro named the "Northwest Immigration and Customs Enforcement Processing Center" as respondent. The proper respondent in a habeas action challenging present physical confinement is the petitioner's immediate custodian—the warden of the facility where the petitioner is held. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). Caro must amend her petition to name the warden of the NWIPC as respondent within 14 days of this Order.

## 4.  CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

ORDER - 6

1. Caro's petition is DENIED to the extent it raises claims identical to those resolved in *Ulin Valdez et al. v. Hernandez et al.*, 2:26-cv-937-TMC.

2. Caro is DIRECTED to file an amended petition naming the warden of the NWIPC as respondent within 14 days of this Order. Caro must also include any evidence of deferred action status with her amended petition. **Failure to timely file an amended petition will result in denial of the petition in full without further notice.**

3. The Government is DIRECTED to file a supplemental response within 14 days of service of Caro's amended petition addressing: (a) whether Caro has been granted deferred action status at any point, based on a review of its records and databases; and (b) the adequacy of Caro's April 9, 2026, bond hearing, including whether accurate information was presented to the Immigration Judge, whether Caro was afforded a meaningful opportunity to be heard through adequate interpretation services, and whether the Immigration Judge's decision was supported by an individualized determination with stated reasons.

4. Petitioner attaches several pages of exhibits to her traverse, Dkt. No. 14-1. These exhibits contain medical records. Because the Court finds that the need to protect medical privacy is a compelling reason that overcomes the presumption of public access, it finds that sealing these records is warranted. The Court DIRECTS the Clerk to seal Dkt. No. 14-1.

ORDER - 7

5.  The Clerk is DIRECTED to mail Petitioner copies of the Court's pro se form for § 2241 petitions and the instruction sheet, the Court's form for application for court-appointed counsel, and a copy of this Order.

6.  The Clerk of the Court is directed to note on the Court's calendar the 14-day deadline for Caro's amended petition.

Dated this 18th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 8