UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA G. CARO,

                    Petitioner,

          v.

NORTHWEST IMMIGRATION AND
CUSTOMS ENFORCEMENT
PROCESSING CENTER and BRUCE
SCOTT,

                    Respondents.

CASE NO. 2:26-cv-952-JNW

ORDER DENYING AMENDED
HABEAS PETITION

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Laura Caro's Amended Petition for a Writ of Habeas Corpus. Dkt. No. 17. For the reasons below, the Court DENIES the petition.

## 2.  BACKGROUND

The factual background of this case is set out in detail in the Court's prior order, Dkt. No. 15. The Court recounts here only the facts relevant to Caro's amended petition.

ORDER DENYING AMENDED HABEAS PETITION - 1

Caro is a citizen of Mexico who has been in the custody of Immigration and Customs Enforcement (ICE) since September 6, 2025. Dkt. No. 12 ¶¶ 4, 8. On October 22, 2025, an Immigration Judge (IJ) ordered Caro removed to Mexico, and Caro appealed to the Board of Immigration Appeals (BIA). *Id.* ¶¶ 12–13.

In an earlier habeas action, Caro and her co-petitioners argued that Respondents had violated the Immigration and Nationality Act (INA) by applying the mandatory-detention statute, 8 U.S.C. § 1225(b)(2), instead of considering release on bond under 8 U.S.C. § 1226(a). *See Ulin Valdez et al. v. Hernandez et al.*, No. 2:26-cv-937-TMC (W.D. Wash. Mar. 19, 2026). The Court granted that petition, found Caro subject to discretionary detention under Section 1226(a), and ordered Respondents either to release her or to provide a bond hearing. Dkt. No. 11.

On April 9, 2026, Caro received a bond hearing. The IJ found that Caro had failed to show she is "not a Flight Risk" and denied bond. Dkt. No. 13-1 at 2. The IJ's order is a checkbox form that states no reasons beyond the checked boxes. *Id.*

On May 18, 2026, Caro, through counsel, moved to withdraw her appeal of the IJ's removal order from BIA consideration. Dkt. No. 22-1 at 4. On May 29, 2026, the BIA granted the motion. *Id.* In her filings before this Court, Caro states that her BIA appeal is "[p]ending to review maybe." Dkt. No. 17 at 3. However, that assertion is not borne out by the copy of the BIA decision Respondents submitted. *See* Dkt. No. 22-1. The record thus shows that Caro withdrew her BIA appeal and that her removal order became administratively final on May 29, 2026.

In accordance with this Court's prior order, Caro filed an Amended Petition for Writ of Habeas Corpus on June 4, 2026, and a motion to appoint counsel. Dkt.

ORDER DENYING AMENDED HABEAS PETITION - 2

Nos. 17, 19. Caro alleges that, at her April 6, 2026, bond hearing, the IJ abused his discretion by finding her a flight risk. Dkt. No. 17 at 2. Caro also alleges that the prosecutor misrepresented her criminal history during the hearing, that she has a pending U visa application,[1] and that she should be released on humanitarian grounds because of her medical conditions and her three U.S.-citizen children. *Id.*

In response, Respondents argue that Caro's claims are moot because she is no longer detained under 8 U.S.C. § 1226(a)—when Caro's removal order became administratively final on May 29, 2026, it triggered mandatory detention under 8 U.S.C. § 1231(a)(1), and thus, Caro became ineligible for bond. Dkt. No. 20 at 1 (citing *Khotesouvan v. Morones*, 386 F.3d 1299, 1301 (9th Cir. 2004), *Zakarneh v. United States Immigr. & Customs Enf't*, 2:25-cv-00707 DGE, 2026 WL 73825, at *4 (W.D. Wash. Jan. 9, 2026), and *Inamzhon v. Warden of Golden State Annex*, No. 1:25-cv-01059-SKO (HC), 2025 WL 3080525, at *2-3 (E.D. Cal. Nov. 3, 2025)).

On June 15, 2026, Respondents notified Caro of "her pending removal as per the requirements of the scheduling order issued by this [C]ourt on April 9, 2026." Dkt. No. 21 ¶ 13. On June 23, 2026, Respondents transferred Caro from the Northwest ICE Processing Center to Florance, Arizona "for staging for removal," and represent that removal to Mexico is imminent.[2] *Id.* ¶ 13–14.

---

[1] Although Caro has a receipt for her U visa application, she does not allege that she has received a finding of bona fide determination or granted deferred action status.
[2] The Court retains jurisdiction notwithstanding Caro's transfer out of the district. Jurisdiction over a habeas petition attaches when the petition is filed—here, while Caro was detained within this District—and is not defeated by her later transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

ORDER DENYING AMENDED HABEAS PETITION - 3

## 3.  DISCUSSION

Because Caro remains in custody, her petition is not moot—the Court could still order her release if her detention were unlawful. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1299 n.1 (9th Cir. 2004) (habeas petition not moot where the petitioner remains in custody). The controlling question is thus whether Caro's present detention is lawful, not whether her superseded challenge to detention under Section 1226(a) might once have succeeded.

### 3.1    Caro's detention is now governed by 8 U.S.C. § 1231(a)(2).

Caro's detention is now governed by 8 U.S.C. § 1231. Under Section 1231, a noncitizen is subject to mandatory detention during the "removal period," which begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Caro's "removal period" began on May 29, 2026, the day that the BIA granted her motion to withdraw her appeal, and her removal order became final. 8 U.S.C. 1231(a)(1)(B)(i). *Fernandez v. Scott*, No. 2:26-CV-00043-LK, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026) (finding the same). During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2); *see Khotesouvan*, 386 F.3d at 1300. Caro's present detention is thus authorized by statute.

ORDER DENYING AMENDED HABEAS PETITION - 4

The change in governing statute also determines what relief remains available on Caro's principal claim. That claim—that the April 9 bond hearing was an abuse of discretion and denied her due process—arises under Section 1226(a), which governed her detention at the time. The remedy for a defective Section 1226(a) hearing is a new hearing or release under that section, and neither is available now that § 1226(a) no longer governs. Caro is not bond-eligible during the removal period, and her release is controlled by Section 1231.

The Court does not minimize the concerns raised in its prior order, which the government's response does not fully dispel. The Government concedes there was no contemporaneous record of the hearing and no memorandum explaining the IJ's reasons. Dkt. No. 20 at 4. But the Court need not decide whether the hearing satisfied due process. Even if it did not, no Section 1226(a) remedy remains to grant, and the claim can no longer support relief. *Cf. Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) (ordering immediate release where continued custody did not serve an immigration purpose after IJ abused their discretion in finding that petition posed a flight risk and danger to the community); *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *6 (W.D. Wash. Apr. 10, 2026) ("Under the circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy.").

Nor can Caro challenge her continued detention as unconstitutionally prolonged. The due-process limits of *Zadvydas v. Davis*, 533 U.S. 678 (2001), reach only discretionary detention after the removal period under Section 1231(a)(6), not

ORDER DENYING AMENDED HABEAS PETITION - 5

mandatory detention during it under Section 1231(a)(2); a noncitizen "cannot raise a colorable claim for release … until at least 90 days of detention have passed." *Khotesouvan*, 386 F.3d at 1299–1301. Caro's removal period began only weeks ago, and the government represents that removal to Mexico is imminent. Dkt. No. 21 ¶ 14. This is thus not a case of detention unmoored from any foreseeable removal. *See Zadvydas*, 533 U.S. at 701.

### 3.2    Caro's remaining grounds do not render her detention unlawful.

Caro's prior deferred action and pending U visa do not entitle her to release. The Court's earlier order asked whether Caro had ever been granted deferred action, given the "C14" code on her expired work authorization. Dkt. No. 15 at 5. The record now answers that: any deferred action tied to her first U visa ended when USCIS denied that petition in March 2017, and her 2023 U visa petition remains unadjudicated, with no bona fide determination and no grant of deferred action. Dkt. No. 21 ¶¶ 6, 8. A pending U visa application, standing alone, does not make detention unlawful or limit the Government's authority to execute a final removal order. 8 C.F.R. § 214.14(c)(1)(ii). This case is thus unlike those in which a petitioner currently holds deferred action and so cannot lawfully be removed. *See Ayala v. Bondi*, No. 2:25-cv-01063-JNW-TLF, 2025 WL 2209708, at *4 (W.D. Wash. Aug. 4, 2025).

Nor do Caro's humanitarian circumstances—her medical conditions and her three U.S.-citizen children—supply a basis for relief. However sympathetic, they do not bear on the legality of her custody, and habeas reaches only unlawful detention.

ORDER DENYING AMENDED HABEAS PETITION - 6

Those considerations are for ICE to weigh on a request for a stay of removal or discretionary release, not for this Court.

### 4. CONCLUSION

Accordingly, the Court DENIES Caro's Amended Habeas Petition and motion to appoint counsel as MOOT. Dkt. No. 17, 19.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING AMENDED HABEAS PETITION - 7